UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| HEATHER HANEY, | ) | Civil Action No. 3:24-cv-405 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | **JURY TRIAL DEMAND** |
| JOHN DOES I-X, AND COLLATERAL | ) | |
| RECOVERY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE OF ACTION

1.　　Plaintiff Heather Haney ("Plaintiff") brings this action against Defendants Santander Consumer USA, Inc. ("SCUSA"), John Does I-X ("Does I-X"), and Collateral Recovery Solutions, LLC ("CRS"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq.*, the North Carolina Collection Agency Act, ("NCCAA") N.C. Gen. Stat. § 58-70-1, *et seq.* and Article 9 of the Uniform Commercial Code ("UCC"), N.C. Gen. Stat. § 25-9-101 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.　　This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where all defendants transact business in this district.

1

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      For the purpose of § 1692f(6) of the FDCPA, a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).

6.      The FDCPA prohibits such persons from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property or the property is exempt from such dispossession. 15 U.S.C. § 1692f(6).

## THE NORTH CAROLINA DEBT COLLECTION ACT

7.      The NCDCA is "patterned after the FDCPA" and prohibits much of the same conduct and is evaluated with a similar goal of consumer protection as the FDCPA.  *McWirther v. Telecheck Servs., Inc.*, No. 3:99CV216MU, 1999 WL 33261239, at \*3 (W.D.N.C. Dec. 1, 1999).

8.      "Unlike the FDCPA, [the NCDCA] does not limit the definition of debt collector only to those collecting debts on behalf of others; any person engaging in debt collection from a consumer falls within the statutory definition."  *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000).

9.      "The NCDCA prohibits a 'debt collector' from using unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the

2

consumer's debt, deceptive representations, or other unconscionable means to collect a 'debt' from a "consumer." *Ross v. Washington Mut. Bank*, 566 F. Supp. 2d 468, 479 (E.D.N.C. 2008).

## THE NCCAA

10.     The NCCAA regulates the conduct of third party debt collection agencies by forbidding collection agencies from engaging in illegal conduct. *See* N.C. Gen. Stat. § 58-70-1, *et seq.*

## THE UNIFORM COMMERCIAL CODE

11.     "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12.     North Carolina law allows a secured party, after default, to take possession of collateral without judicial process, so long as the secured party proceeds without breach of the peace. N.C. Gen. Stat. § 25-9-609(b)(2); *Giles v. First Virginia Credit Servs., Inc.*, 149 N.C. App. 89, 96, 560 S.E.2d 557, 562 (2002).

13.     Moreover, "if there is confrontation at the time of the attempted repossession, the secured party must cease the attempted repossession and proceed by court action in order to avoid a 'breach of the peace.'" *Everett v. U.S. Life Credit Corp.*, 74 N.C. App. 142, 144, 327 S.E.2d 269, 270 (1985).

14.     This is because "the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it." *Rea v. Universal C. I. T. Credit Corp.*, 257 N.C. 639, 642, 127 S.E.2d 225, 227 (1962).

3

**PARTIES**

15.     Plaintiff is a natural person who at all relevant times resided in Dallas, North Carolina.

16.     Plaintiff is alleged to owe a debt to SCUSA.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.     Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

19.     SCUSA is an Illinois corporation that regularly finances the sale of automobiles to consumers.

20.     At all relevant times SCUSA was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

21.     SCUSA is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

22.     Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

23.     Does I-X are individuals or entities that at all relevant times were acting as repossession agents working at the behest of SCUSA.

24.     At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

25.     Does I-X are "Collection Agencies" as defined by N.C. Gen. Stat. § 58-70-15(a).

26.     Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

4

27.     CRS is a North Carolina limited liability company that does business in North Carolina.

28.     At all relevant times, CRS was acting as a repossession agent working at the behest of SCUSA and Does I-X.

29.     At all relevant times, CRS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

30.     CRS is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-15(a).

31.     CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

32.     On or about February 21, 2020, Plaintiff purchased a 2017 Honda Civic (the "Vehicle") from non-party, McKenney Chevrolet, Inc.

33.     Plaintiff purchased the Vehicle for her own personal, family, and household purposes.

34.     The Vehicle is "consumer goods" as defined by N.C. Gen. Stat. § 25-9-102(a)(23).

35.     In connection with the purchase, Plaintiff executed a retail installment sales contract ("RISC") which was assigned to SCUSA.

36.     In connection with the purchase and RISC, SCUSA was granted a security interest in the Vehicle.

37.     The Vehicle is "collateral" as defined by N.C. Gen. Stat. § 25-9-102(a)(12).

38.     SCUSA is a "secured party" as defined by N.C. Gen. Stat. § 25-9-102(a)(75).

39.     Prior to January 19, 2024, SCUSA had Plaintiff's Vehicle repossessed.

5

40. Plaintiff cleared all arrearages necessary to regain possession of the Vehicle and received it back from SCUSA.

41. However, Plaintiff's Vehicle was mistakenly put up for repossession again.

42. On or before January 19, 2024, SCUSA engaged the services of Does I-X to repossess Plaintiff's Vehicle.

43. Does I-X in turn hired CRS to accomplish the actual repossession.

44. On January 19, 2024, at around 10:30 P.M., CRS went to Plaintiff's home to repossess the Vehicle.

45. Plaintiff noticed CRS's arrival.

46. Plaintiff immediately emerged from her home, protested the repossession, and entered the Vehicle.

47. Plaintiff advised CRS that she was not in default of her loan with SCUSA.

48. CRS ignored Plaintiff's protests and continued its repossession.

49. CRS collided with the Vehicle and placed it on its tow apparatus while Plaintiff occupied the Vehicle.

50. CRS then completed the repossession over Plaintiff's protest.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X AND CRS

51. Plaintiff repeats and re-alleges each factual allegation above.

52. North Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." N.C. Gen. Stat. § 25-9609.

53. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

6

54.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

55.     Plaintiff confronted CRS's employee and protested the repossession.

56. Once Plaintiff protested the repossession, CRS lost the right to continue with the repossession.

57. Nonetheless, CRS continued with its repossession and thereby breached the peace.

58. A repossession agent's use of force is a breach of the peace. *Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace*); Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App. 1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*,

8

121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

59.     By colliding with the Vehicle and taking possession of it while Plaintiff occupied it, CRS used force on the body of Plaintiff and breached the peace.

60.     A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at \*12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at \*5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at \*4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at \*4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*,

9

731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

61. When CRS breached the peace, it lost the right to possession of the Vehicle.

62. Nonetheless, CRS continued with the repossession.

63. Additionally, at the time CRS took possession of the Vehicle, Plaintiff was not in default of her obligations under her agreement with SCUSA.

64. CRS violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where there was no present right to possession of the property, and where the property was exempt by law from such dispossession or disablement.

65. Does I-X, as the debt collectors that hired CRS, are liable for CRS's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CRS violated 15 U.S.C. § 1692f(6)(A);

    b) Adjudging that Does I-X, as the debt collectors that hired CRS, are liable for CRS's FDCPA violation;

    c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 75-51
## SCUSA

66.   Plaintiff repeats and re-alleges each factual allegation above.

67.   SCUSA violated N.C. Gen. Stat. § 75-51 by using any unfair threat, coercion, or attempt to coerce, including threatening to, and taking, illegal action to repossess Plaintiff's vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that SCUSA violated N.C. Gen. Stat. § 75-51;

b)  Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c)  Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-54
## SCUSA

68.   Plaintiff repeats and re-alleges each factual allegation above.

69.   SCUSA violated N.C. Gen. Stat. § 75-54 by falsely representing that it had the right to continue with its repossession after CRS breached the peace and while Plaintiff was not in default of her agreement with SCUSA.

11

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SCUSA violated N.C. Gen. Stat. § 75-54;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF N.C. GEN. STAT. § 75-55**
**SCUSA**

70. Plaintiff repeats and re-alleges each factual allegation above.

71. SCUSA violated N.C. Gen. Stat. § 75-55 by using unconscionable means in the course of collecting or attempting to collect an obligation from Plaintiff, including the illegal repossession of her Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SCUSA violated N.C. Gen. Stat. § 75-55;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF N.C. GEN. STAT. § 58-70-95**
**DOES I-X AND CRS**

72.    Plaintiff repeats and re-alleges each factual allegation above.

73.    CRS violated N.C. Gen. Stat. § 58-70-95(8) by threatening to, and taking, illegal action to repossess Plaintiff's Vehicle.

74.    Does I-X, as the debt collectors that hired CRS, are liable for CRS's NCCAA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CRS violated N.C. Gen. Stat. § 58-70-95(8);

b) Adjudging that Does I-X, as the debt collectors that hired CRS, are liable for CRS's NCCAA violation;

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § N.C. Gen. Stat. § 58-70-130(a);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

13

## COUNT VI
## VIOLATION OF N.C. GEN. STAT. § 58-70-95(1)
## DOES I-X AND CRS

75.     Plaintiff repeats and re-alleges each factual allegation above.

76.     CRS violated N.C. Gen. Stat. § 58-70-95(1) by using or threatening to use violence or any illegal means to cause harm to the person, reputation or property of any person.

77.     Does I-X, as the debt collectors that hired CRS, are liable for CRS's NCCAA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that CRS violated N.C. Gen. Stat. § 58-70-95(1);

   b)   Adjudging that Does I-X, as the debt collectors that hired CRS, are liable for CRS's NCCAA violation;

   c)   Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

   d)   Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF THE UCC, N.C. GEN. STAT. § 25-9-609
## SCUSA

78.     Plaintiff repeats and re-alleges each factual allegation above.

79.     CRS violated N.C. Gen. Stat. § 25-9-609(b)(2) by breaching the peace during the repossession of Plaintiff's Vehicle.

14

80. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at \*2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *GM v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

81. Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." Official Commentary to N.C. Gen. Stat. § 25-9-609 at Comment 3.

82. SCUSA's repossession agents, CRS, breached the peace by continuing the repossession in the face of Plaintiff's protest and using physical force on the body of Plaintiff.

83. Additionally, because Plaintiff was not in default of her agreement with SCUSA, the repossession was not authorized under the UCC.

84.     SCUSA violated N.C. Gen. Stat. § 25-9-609(b)(2) when its repossession agents, CRS, breached the peace to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that SCUSA violated N.C. Gen. Stat. § 25-9-609(b)(2);

    b) Awarding Plaintiff damages pursuant to N.C. Gen. Stat. § 25-9-625;

    c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    d) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

85.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 22, 2024.

Respectfully submitted,

/s/ Chris Brown
Chris Brown (N.C. Bar No. 33365)
Thompson Consumer Law Group, PC
121 Kendlewick Dr.
Cary, NC 27511
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
cbrown@ThompsonConsumerLaw.com

Attorneys for Plaintiff